## GEORGE GORE, ET AL., v. W. F. BATES.

**Damages in Ejectment by Force.**
> Where an officer holds a writ to dispossess an occupant of real estate, but before the service of the writ the owner by his employes tore out the windows and doors of the house in which plaintiff resided, and that, too, in the winter time, such owner is liable in damages for such trespass.

**Void Writ.**
> Where the transcript on appeal does not show that any judgment was entered on a verdict giving plaintiff the right of possession of real estate, a writ of possession thereon is void and acts done under it amount to a trespass, and the occupant of such real estate is entitled to recover for such trespass.

**Forcible Detainer.**
> Right of possession is the gist of the action of forcible detainer, and a verdict and judgment for restitution is a complete bar to suit for acts done in the prudent execution of the writ.

APPEAL FROM SHELBY CIRCUIT COURT.

October 16, 1876.

OPINION BY JUDGE COFER:

The appellants, George and Malinda Gore, are husband and wife, and brought this action for trespass against the appellee, alleging that they were the owners of six acres of land which they had occupied as a homestead while living together as husband and wife; that Gore had abandoned his wife, who, with his and her children, continued to reside on the land until in February, 1875, when the appellee forcibly entered on the land and removed the household goods and provisions of the appellants from the premises, and forcibly ejected the appellant, Malinda, and her children therefrom.

The appellee denied that the appellants were the owners of the land, alleged that it belonged to him, and that he had rented it to George up to the first of January, 1875; that George held over, and he had proceeded against him for forcible detainer, had obtained judgment for restitution, and caused a writ of restitution to issue, and justified the alleged trespass under the writ.

The evidence showed that George had owned the land, and had occupied it with his family as a homestead; that he sold, and by a deed dated March 2, 1874, in which Malinda did not unite, had conveyed the land to the appellee, and had then rented it of him until January 1, 1875; and that in September, 1874, George abandoned his wife and children and left them residing on the land. In February, 1875, the appellee caused a writ of forcible detainer to issue against both of the appellants, charging them with detaining the said six acres of land, and after service upon both, obtained a verdict against them, and a writ of restitution, in the execution of which, by a constable, he claimed that the acts for which he was sued were done.

The evidence shows, however, that before the officer went upon the premises to execute the writ, the appellee sent workmen to tear out the windows and doors of the house in which the appellant, Malinda, and her children were living, and that they did so. Neither the proceeding for forcible detainer nor the other facts in evidence, nor both together, could under any circumstances justify the sending of workmen to tear out the windows and doors while the family was yet in the house, and the writ of restitution unexecuted; and for that trespass, committed in the midst of winter and without excuse, the appellants were entitled to recover, and the court erred in dismissing the petition.

It does not appear from the transcript of the forcible detainer proceeding that judgment was rendered on the verdict. If no such judgment was rendered the writ was void, and the acts done under

it were a trespass, and the appellants are entitled to recover for that also. It was urged in argument that the appellants were entitled to recover on the ground that the land constituted their homestead, and that although it had been sold, and George Gore had attempted to convey it, yet as his wife had not joined in the conveyance, she might hold the possession against the vendee of her husband.

If there were a judgment on the verdict in the action of forcible detainer, that judgment, being still in force, settles the question of right to the possession, and will bar the action so far as it seeks to recover for the acts done in executing the writ of restitution, whether the homestead passed by the husband's deed or not. Right of possession is the gist of the action of forcible detainer, and a verdict and judgment for restitution is a complete bar to suit for acts done in the prudent execution of the writ.

If, on the other hand, there were no judgment on the verdict, and the writ was consequently void, the appellants are entitled to recover not only for the trespass committed before the officer went to execute the writ, but also for that committed in its execution. It is therefore unnecessary to decide the question so earnestly pressed by the appellant's counsel, whether the husband's vendee had a right, in view of the homestead law, to recover possession of the homestead. That question is concluded, so far as respects so much of this action as is for a trespass committed in the execution of the writ.

Section 516 of the Code has no reference to an action by the defendant in proceedings for forcible detainer or forcible entry. That section relates to actions against such defendants for trespass in entering, or for waste or mesne profits while in possession. Counsel is therefore mistaken in saying that the judgment of restitution and writ issued thereon constitute no bar to an action of trespass for acts done in executing the writ. It would be most unreasonable to say that a defendant in forcible entry, or forcible detainer, might be dispossessed under a writ of restitution, and that he might then maintain an action of trespass against the plaintiff in such proceeding for acts expressly authorized by the law to be done under the writ.

Judgment *reversed,* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*M. T. Carpenter, for appellants.*

*Bollock & Beckham, for appellee.*